UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID CHRISTOPHER WILLIAMS,

       Plaintiff,

v.                                                                CASE NO. 5:13-cv-488-Oc-17PRL

CHARLES E. SAMUELS, et al.,

       Defendants.

_____

**ORDER**

This case is before the Court on the Motion to Dismiss or Alternatively, Motion for Summary Judgment filed by Defendants Charles E. Samuels, Jr., Harley G. Lappin, Helen J. Marberry, Mike Atwood,[1] Tamara Jarvis, Scott A. Middlebrooks, Jeffrey Kajander, Rodney E. Clark, and Jeffrey Hale (collectively, "Defendants"). (Doc. 41). Plaintiff has filed a Response in Opposition to the Motion and supporting exhibits. (Doc. 43, 48). For the following reasons, the motion will be granted.

**I. FACTUAL BACKGROUND[2]**

Plaintiff, a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 38). Plaintiff asserts that in June 2008, Defendant Mike Atwood ("Atwood") initiated an investigation regarding whether several inmates, including Plaintiff, were fraudulently

_____

[1]Although Plaintiff sued Defendant Atwell, Defendants previously noted that this Defendant's name is Mike Atwood. (Doc. 34). Therefore, the Court will refer to the Defendant as Atwood.

[2]The statement of facts is derived from the Second Amended Complaint. (Doc. 38).

receiving Internal Revenue Service ("IRS") checks from a closed account.  According to Plaintiff, in August 2008 the funds in his institutional inmate account were frozen or encumbered due to Defendant Atwood's ongoing investigation.[3]  *Id.*  In September 2008, Plaintiff submitted a request to Defendant Scott A. Middlebrooks ("Middlebrooks"), former Warden of USP Coleman, to ascertain why his funds were encumbered and how long his account would be frozen.  *Id.*  Defendant Middlebrooks informed Plaintiff that his account would remain encumbered until the IRS criminal investigation was complete.  *Id.* at 11.

Plaintiff states that in January 2009, he contacted Defendant Atwood regarding the matter and received no response.  *Id.*  Furthermore, Plaintiff notified Defendant Harley G. Lappin ("Lappin"), the Director of the Federal Bureau of Prisons ("BOP"), in writing that his account had been frozen.  *Id.*  Plaintiff states that his inmate pay was released but the $4,800 remained encumbered.  *Id.*

Thereafter, on December 21, 2009, Defendant Jeffrey Kajander ("Kajander") of the Special Investigations Service ordered USP Coleman officers to confiscate the legal and personal paperwork, including letters, contained in Plaintiff's cell.  *Id.*  Plaintiff contends that his documents were confiscated by Officer Schneider, a nonparty, at the request of Defendant Jeffrey Hale ("Hale"), IRS agent.  *Id.*  Plaintiff was later interviewed by Defendant Hale during the course of the IRS investigation.[4]  *Id.*  Plaintiff sent a letter to Defendant Hale in February 2010 requesting information regarding the investigation and asking for the return of his confiscated money and documents.  Additionally, in May 2010,

---

[3]Approximately $4,800 was frozen.  *Id.*

[4]Plaintiff states that during this interview, Defendant Hale said that he had no knowledge of any request to freeze Plaintiff's inmate account or encumber his money.  *Id.*

Plaintiff sent a request for the return of his property to Defendant Middlebrooks. *Id.* Plaintiff received the confiscated documents in June 2010.  *Id.*

Plaintiff contends that he again wrote to Defendant Atwood in January 2012 regarding the investigation and his inmate account, but he did not receive a response. *Id.* Plaintiff also spoke with Defendant Tamara Jarvis ("Jarvis"), Warden of USP Coleman, regarding the matter.  *Id.*  at 12.  Defendant Jarvis advised Plaintiff that his funds could not be released until the IRS investigation was complete.  *Id.*  In June 2012, Defendant Kajander informed Plaintiff that Defendant Hale had refused to release Plaintiff's money. *Id.*  Plaintiff spoke with Defendant Kajander on several additional occasions from August through December 2012 regarding the release of his funds to no avail.  *Id.*

Plaintiff also notified Defendant Rodney E. Clark ("Clark"), IRS Agent, about the matter on two occasions.  *Id.* at 16.   However, Plaintiff states that Defendant Clark authorized Defendant Hale to encumber his funds and confiscate his documents.  *Id.* Plaintiff alleges that the current BOP Director, Defendant Charles Samuels, Jr. ("Samuels"), was aware of the violations of Plaintiff's rights, but he failed to conduct an investigation into the matter.  *Id.* Plaintiff contends that Defendant Helen J. Marberry ("Marberry"), Regional Director of the BOP, also participated in the actions that denied him his right to his property. *Id.* at 17-18.   On February 18, 2014, Plaintiff's funds were released, and he now has access to his inmate account. (Doc. 41; Doc. 43).

Plaintiff contends that Defendants violated his Fifth and Fourteenth Amendment rights to due process by freezing his inmate account and confiscating his legal and personal documents (Doc. 38 at 14).   Plaintiff also argues that his First and Sixth Amendment rights were violated because the confiscation of his legal documents resulted

3

in the denial of his right to access the courts.  *Id.*   In support of this claim, Plaintiff maintains that he was unable to file a notice of appeal or appeal his criminal case pending in the Superior Court of the District of Columbia.  *Id.*

## II. LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure provideS that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).  The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The nonmoving party, so long as that party has had an ample opportunity to conduct discovery, must come forward with affirmative evidence to support its claim.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4). If, after the movant makes its showing, the nonmoving party brings forth evidence in support of its position on an issue for which it bears the burden of proof at trial that "is merely colorable, or is not significantly probative, summary judgment may be granted."

4

*Anderson*, 477 U.S. at 249-50 (citations omitted).

Further, in passing on a motion to dismiss under Rule 12(b)(6) of the Federal Rule of Civil Procedure, the Court is mindful that "[d]ismissal of a claim on the basis of bare bones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). Thus, for the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider all of the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *GSW, Inc. v. Long County*, 999 F.2d 1510 (11th Cir. 1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In order to survive a motion to dismiss, a complaint "does not need detailed factual allegations," but must include "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

### III. DISCUSSION

### A.   Personal Jurisdiction

Defendants Samuels, Lappin, Atwood, and Marberry move to dismiss the instant complaint for lack of jurisdiction. (Doc. 41 at 4-5). Defendants contend that Plaintiff has not met his burden of alleging sufficient facts to make out a prima facie case of personal jurisdiction. *Id.* at 4-5. Defendants maintain that they do not reside or work in the State of Florida, therefore, they are not subject to the personal jurisdiction of this Court. *Id.* at 5-6. Defendants Samuels, Lappin, and Atwood assert that they resided and worked in Washington, D.C., during the relevant time period. *Id.* at 5. Defendant Marberry states that she worked and resided in Atlanta, Georgia. *Id.*

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted); *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). "[T]he mere fact that federal government officials enforce federal laws and policies . . . on a nationwide basis is not sufficient in and of itself to confer personal jurisdiction in a lawsuit which seeks money damages against those same officials in their individual capacities." *Wag-Aero, Inc. v. United States*, 837 F. Supp. 1479, 1485 (E.D. Wis. 1993), aff'd 35 F.3d 567 (7th Cir. 1994) (citing *Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980)).

Plaintiff contends that because Defendants accepted service of process, they necessarily subjected themselves to personal jurisdiction. (Doc. 43 at 5). Defendants did not waive service of process; instead Defendants were personally served. (Doc. 16-21,30, 34, 40). Serving a defendant does not automatically bestow personal jurisdiction over that defendant. A defendant may challenge a federal court's lack of jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(2); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (noting that lack of personal jurisdiction may be asserted in a pre-answer motion or responsive pleading). Therefore, Plaintiff's assertion that Defendants waived this argument is without merit.

Additionally, Plaintiff's complaint contains no allegations establishing that Defendants Samuels, Lappin, Atwood, and Marberry have ties to this district or Florida. The act of providing inadequate responses to letters or grievances or failing to take action regarding Plaintiff's claims is not enough to demonstrate personal jurisdiction. *See Durham v. Hood*, 412 F. App'x 127, 130 (10th Cir. 2011). The act of mailing a letter to a recipient in the forum state is insufficient to establish the contact with the forum state required to establish personal jurisdiction. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265-66 (11th Cir. 1998). Furthermore, Defendants' mere enforcement of federal laws and policies does not confer personal jurisdiction in this case. *Bruce v. Gregory*, No. 5:09-cv-433-Oc-10PRL, 2012 WL 5907058, at *7 (M.D. Fla. Nov. 26, 2012) (citing *Wag-Aero, Inc.*, 837 F. Supp. at 1485)). Consequently, the motion to dismiss is granted, and the claims against Defendants Samuels, Lappin, Atwood, and Marberry are dismissed without prejudice. *See Canadian Steel Fabricators, Ltd. v. Garner*, No. 11-20039-CV, 2011 WL 4424431, at *6 (S.D. Fla.

Sept. 22, 2011) (granting the defendants' motion to dismiss for lack of personal jurisdiction and dismissing the case without prejudice).

### B. Exhaustion of Administrative Remedies[5]

Defendants allege that Plaintiff has failed to exhaust his administrative remedies with regard to the taking of his legal and personal materials on December 21, 2009. (Doc. 41 at 7).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before pursuing a civil rights action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The Supreme Court of the United States held that § 1997e requires "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), meaning "a prisoner must exhaust all prescribed administrative remedies available to him . . . before filing a lawsuit to seek judicial redress." *Garcia v. Glover*, 197 F. App'x 866, 868 (11th Cir. 2006); *Solliday*, 413 F. App'x at 208 (proper exhaustion is "under the terms of and according to the time set by BOP regulations.").

Further, the Supreme Court has repeatedly held that "[t]here is no question that

---

[5]"Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Solliday v. Federal Officers*, 413 F.3d 206, 208 n.3 (11th Cir. 2014) (quoting *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir.2008)). Nonetheless, Rule 43(c) of the Federal Rules of Civil Procedure permits federal courts "to hear evidence outside of the record on affidavits submitted by the parties." *Bryant*, 530 F.3d at 1375; *Tillery v. United States Dep't of Homeland Security*, 402 F. App'x 421, 424-25 (11th Cir. 2010).

exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  To determine whether plaintiffs have exhausted their administrative remedies, courts do "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998)).

To make a determination regarding the exhaustion issue, the Court must first "look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent it conflicts with that of the defendant." *Tilus v. Kelly*, 510 F. App'x 864, 865 (11th Cir. 2013) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)).  "If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies."  *Id.*

Defendants provide the affidavit of Caixa Santos ("Santos"), paralegal specialist at Coleman Federal Correctional Complex (Doc. 41-1), to support their argument.  Santos attests that as a part of her duties, she has access to prisoner records, including the documents filed as a part of the  federal administrative remedy process.  *Id.*  Santos attests that after examining Plaintiff's records, it appears that he did not exhaust his administrative remedies with regard to the deprivation of property that occurred on December 21, 2009.  *Id.*

Plaintiff disputes Defendants' argument, alleging that the BOP's Administrative Remedy Program does not allow an inmate to grieve property-related issues. (Doc. 43 at

5-6).  Plaintiff provides an affidavit from inmate Kevin Mack, who attests that he was told that he could not file a grievance through the Administrative Remedy Program to challenge confiscated, lost, or stolen property. (Doc. 43, Ex. A).  Plaintiff also attests that he was told that the Administrative Remedy Program did not cover confiscated property. (Doc. 43, Ex. A/5).  Contrary to Plaintiff's assertions, federal courts have held that federal prisoners have a post-deprivation remedy through the BOP's Administrative Remedy Program.  *See Sautter v. Halt*, No. 4:12cv2399, 2015 WL 1915251, at *13 (N.D. Ohio Apr. 27, 2015) (citing *Ali v. Bureau of Prisons*, 552 U.S. 214, 228 n.7 (2008); *Bowens v. United States Dep't of Justice*, 415 F. App'x 340, 344 (3rd Cir. 2011); *Williams v. Mestas*, 355 F. App'x 222, 224 (10th Cir. 2009)); *Williams v. Garcia*, No. 14-cv-2256-GPG, 2015 WL 1740555, at *4 (D.Colo. Apr. 14, 2015).  The BOP also has an administrative tort claims procedure whereby a federal inmate may file a claim regarding damaged or lost property.  *See* 28 C.F.R. §§ 543.30-.32.

Plaintiff did not avail himself of either the BOP Administrative Remedy Program or the administrative tort claims procedure.  Plaintiff states in his response that he could not exhaust his remedies with respect to the BOP's administrative tort claim procedure because his property "was being returned to him bi-weekly in some instances and in other [instances] every three weeks, or so, thereby frustrating the grievance process. . . ." (Doc. 43 at 6).  The Court concludes that Plaintiff's argument in unavailing.  Plaintiff does not allege that anything prevented him from filing a grievance regarding his property immediately upon its confiscation on December 21,2009.  Therefore, Plaintiff's due process and access to courts claims regarding the deprivation of property on December 21, 2009,

are subject to dismissal.[6]

## C.   Official Capacity Claims

Defendants contend that Plaintiff's official capacity claims should be treated as claims against the United States and dismissed because the United States and its agencies are immune from suit. (Doc. 41 at 8-9).   Plaintiff states that he does not seek to sue Defendants in their official capacity. (Doc. 43 at 13).   In light of Plaintiff's allegations, Defendants' motion to dismiss on this basis is denied.

## D.   Qualified Immunity

Defendants assert that they are entitled to qualified immunity on Plaintiff's claims. (Doc. 41 at 9-11).   "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (quotation omitted).   To receive qualified immunity a defendant must first prove

---

[6]Plaintiff also has failed to state a claim for relief with respect to his access to courts claim. Although the First Amendment grants prisoners a limited constitutional right of access to courts, Plaintiff cannot demonstrate that Defendants' actions violated this right. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977).   Plaintiff has not shown that he was attempting to pursue a non-frivolous claim but was thwarted from doing so.   *See Lewis v. Casey*, 518 U.S. 343, 348-50 (1996); *Hyland v. Parker*, 163 F. App'x 793, 798 (11th Cir. 2006); *see also* Doc. 41-1 (the docket printout provided by Defendants reveals that Plaintiff, who was convicted and sentenced in 1994, filed a pro se motion for new trial, which was denied on January 27, 2010.   Plaintiff filed a notice of appeal in May 2010.   The Order denying Plaintiff's motion for new trial recounts that Plaintiff has filed several motions that have been found to be unauthorized, successive § 2255 motions).   Although Plaintiff alleges that he was unable to file a notice of appeal, it is unclear how the confiscation of his legal and personal documents prevented him from filing a notice of appeal.   Plaintiff does not allege that he did not have access to paper, pencil, envelopes, or stamps. Therefore, Plaintiff cannot demonstrate that Defendants' actions violated his right to access the courts.

he or she was acting within the scope of his or her discretionary authority. *See Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

Once a defendant shows that he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. *Lumley v. City of Dade City*, 327 F.3d 1186, 1194 (11th Cir. 2003). The Supreme Court has set forth a two-part test for the qualified immunity analysis. First, a court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If Plaintiff's version of the facts set forth the violation of a constitutional right, the next step is to ask whether the right was clearly established at the time of the alleged conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). It is within a court's discretion to decide which prong of the qualified immunity analysis to address first. *See Pearson*, 555 U.S. at 236.

As an initial matter, the Court concludes that during the relevant time period, Defendants were acting within their discretionary authority as BOP employees. Therefore, the Court will consider whether Plaintiff has demonstrated a constitutional violation.

Plaintiff contends that the freeze placed on his inmate account violated his Fifth and Fourteenth Amendment rights to due process. However, federal courts have held that because the BOP provides an administrative remedy to challenge unauthorized deprivations of property, prisoners cannot assert constitutional claims for intentional deprivation of property. *See Williams v. Mestas*, 355 F. App'x 222, 224 (10th Cir. 2009) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (explaining that an intentional deprivation of property does not constitute a violation of the Due Process clause "if a meaningful postdeprivation remedy for the loss is available.")); *Rodriguez-Mora v. Baker*,

12

792 F.2d 1524, 1527-28 (11th Cir. 1986) (stating that existence of a postdeprivation remedy, via the FTCA, precludes a Fifth Amendment deprivation of property claim); *Spradley v. Martin*, 897 F. Supp. 560, 564 (M.D. Fla. 1995) (unauthorized deprivation of property, such as an inmate account hold, does not state a procedural due process claim where an adequate remedy exists to redress the deprivation). Therefore, Plaintiff has not demonstrated a constitutional violation.[7]  Accordingly, Defendants' motion to dismiss is granted.

The Court also notes that Plaintiff's due process claims are moot because his account is no longer encumbered and he received his property.  *See United States v. Beltran-Gabito*, 280 F. App'x 861, 863 (11th Cir. 2008) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.")).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendants' Motion to Dismiss or Alternatively, Motion for Summary Judgment (Doc. 41) is **GRANTED**.

2.      The Clerk of Court is directed to enter a judgment in favor of Defendants and close the case.

**DONE AND ORDERED** in Ocala, Florida, this 18th day of August, 2015.

---

[7]The Court notes that to the extent Plaintiff's due process claim with regard to the deprivation of his property on December 21, 2009, was exhausted, Plaintiff cannot demonstrate that a constitutional violation occurred for the reasons stated above.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/23
Counsel of Record
David Christopher Williams